UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SPARKASSE BREGENZ BANK, AG,

      Plaintiff,

v.

JC-BIOMETHANE, LLC; ESSENTIAL
CONSULTING OREGON, LLC; and
DEAN FOOR,

      Defendants.

Case No. 6:16-cv-01199-AA
OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed this action alleging eight claims for relief including: (1) Copyright Infringement; (2) Circumvention of Copyright Prevention Systems; (3) Computer Fraud and Abuse; (4) Misappropriation of Trade Secrets; (5) Conversion; (6) Breach of Contract; (7) Unjust Enrichment; and (8) Breach of Duty of Good Faith and Fair Dealing. Plaintiff seeks $2,000,000, together with interest, costs, and reasonable attorney's fees. JC-Biomethane ("JCB") now moves for dismissal of plaintiff's first, fourth, and fifth claims.

1 - OPINION AND ORDER

BACKGROUND

Plaintiff Sparkasse Bregenz Bank AG ("Sparkasse") is an Austrian bank that provided commercial loans to Entrec, an Austrian corporation specializing in the design and construction of biogas facilities. Sparkasse has taken an assignment of Entec's claims against JCB, Essential Consulting Oregon, LLC ("Essential Consulting"), and Mr. Dean Foor.

Prior to April of 2012, JCB planned on building a biogas facility in Junction City, Oregon. Compl. ¶ 10. On April 22, 2012, JCB allegedly entered into an Engineering, Procurement, and Construction Agreement ("EPC Agreement") with Entrec that outlined the design, procurement, and construction of the facility. Compl. ¶ 11. Under the EPC Agreement, Entec allegedly retained all intellectual property rights to any of the designs ("Design Documents") it created for the project. Compl. ¶ 12. Entec provided JCB with Design Documents for its use in the construction of the facility. *Id.*

Plaintiff alleges that JCB requested Entec make certain design changes from those delineated in the original EPC Agreement. Compl. ¶ 14–16. The changes allegedly delayed the completion of the project and the facility began creating electrical power in the summer of 2013 and was completely finished by the fall of 2013. Compl. ¶ 16–17. Plaintiff alleges that upon completion of the facility, JCB refused to pay for the services provided by Entec as outlined in the EPC Agreement. Compl. ¶ 18–21.

During this time period, on or about January 23, 2013, Entec entered into a subcontract with Ormatic GmbH ("Ormatic") for the creation of a software program titled "Automated Control System Software for Junction City." Compl. ¶ 21. The software program was intended to operate the energy facility in Junction City with human assistance. *Id.* Plaintiff alleges that the

2 - OPINION AND ORDER

software program was password protected and that neither Entec nor Ormatic provided the password to JCB, Essential Consulting, or Mr. Foor. Compl. ¶ 22.

Plaintiff alleges that on February 12, 2014, Mr. Foor sent an email to an Ormatic employee indicating that the software had been accessed despite of the password protection. Compl. ¶ 23. Plaintiff further alleges that as a result, the software was modified or manipulated and caused damage to the software program. Compl. ¶ 24. Finally, plaintiff contends that JCB's failure to pay amounts owed to Entec, in conjunction with the unauthorized modifications to the Ormatic software program, resulted in Entec's insolvency and liquidation.

## DISCUSSION

JCB moves for the dismissal of three claims: Copyright Infringement, Misappropriation of Trade Secrets, and Conversion. In the alternative, JCB moves for a more definite statement with respect to these claims. Additionally, JCB moves to dismiss plaintiff's claims for attorney's fees alleged in conjunction with several claims.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its well-pleaded factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[G]enerally, the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Id.* The court need not accept "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Id.* Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, JCB moves for dismissal of plaintiff's claim for Copyright Infringement on the basis that plaintiff fails to allege facts demonstrating that JCB distributed the Ormatic software to a third party, or that JCB prepared a derivative work so as to violate Entec's exclusive rights. To establish a claim for copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). The Ninth Circuit considers the word "copying" as shorthand for various conduct that may infringe a copyright owner's exclusive rights under 17 U.S.C. § 106, including the right to prepare derivative works based upon the copyrighted work. *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012). The U.S. Copyright Office has described a derivate work as "a work based on or derived from already existing works" which includes "modifications [that] represent, as a whole, an original work." U.S. Copyright Office, Circular 14, Copyright in Derivative Works and Compilations (2013).

Here, plaintiff alleges that JCB "accessed the Software Program and modified or manipulated it" without permission. Compl. ¶ 24. Plaintiff further states that alleged modifications "caus[ed] damage to or otherwise disable[ed] parts of the Software Program." *Id.* I find that these allegations give rise to a plausible claim for copyright infringement. Plaintiff alleges that JCB accessed and modified the software program and in doing so prepared a derivative work based on that program. Compl. ¶ 29. Plaintiff further alleges that the modification damaged and disabled parts of the program. The allegation that JCB's modification of Entec's software program constituted a derivative work and damaged or disabled the program

4 - OPINION AND ORDER

is enough to draw the reasonable inference that defendants "copied" constituent elements of the original work. Further, I am not persuaded by JCB's argument that distribution of a derivate work is necessary to state a claim for copyright infringement. *See Feist*, 499 U.S. at 361 (1991) (Only "ownership" and "copying" required to state a claim for infringement). JCB also argues that plaintiff has failed to allege any damages stemming from the infringement. However, plaintiff alleges that the modification caused damage and under 17 U.S.C. § 504, a plaintiff is entitled to recover statutory damages "in a sum of not less than $750 or more than $30,000" for infringement. 17 U.S.C. § 504(c)(1) (2010). For these reasons, I find that plaintiff has adequately pled a claim for copyright infringement.

Second, JCB moves for dismissal of plaintiff's claim for Misappropriation of Trade Secrets. JCB first argues that plaintiff's misappropriation claim fails to allege the "disclosure" of any trade secrets accessed JCB. Def.'s Mot. to Dismiss at 11. However, under Or. Rev. Stat. § 646.461(2), "disclosure" of a trade secret is not a required element for a misappropriation of trade secrets claim. Rather, "misappropriation" includes the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or the "disclosure" of such a trade secret. *Id.* Here, plaintiff sufficiently alleges misappropriation through accessing, using, or disclosing trade secrets.

JCB next argues that plaintiff fails to allege the software program was accessed "by a person who knows or has reason to know that the trade secret was acquired by improper means." Def.'s Reply at 6–7. I disagree. Plaintiff's complaint alleges that reasonable efforts were taken to prevent any third parties from accessing the software program through implementation of password protection. Compl. ¶¶ 22, 62. Plaintiff further alleges that JCB, through Mr. Foor, accessed the code without permission, creating a reasonable inference that Mr. Foor's access was

improper. Compl. ¶¶ 21–22, 64–65. JCB nonetheless contends that plaintiff "seek[s] to rely on an inference that something improper happened in order for Defendant JCB to have seen the code." Def.'s Reply at 7. On a motion to dismiss, the court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. *Nicol v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1067, 1069 (D. Or. 2012). Plaintiff has alleged that JCB accessed password-protected information that contained trade secrets, without having authorization to do so, plausibly suggests that JCB's unauthorized access of plaintiff's trade secrets was done through improper means.

Third, JCB moves for dismissal of plaintiff's claim for Conversion on the grounds that it fails to allege any facts demonstrating the improper use or control of plaintiff's property or damages stemming from the alleged conversion. "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Scott v. Jackson* County, 260 P.3d 744, 752 (Or. App. 2011) (citing Restatement (Second) of Torts § 22A (1965)). In other words, if a plaintiff alleges that the defendant intentionally exercised dominion or control over plaintiff's chattel, thus violating the rights of the plaintiff, the allegations support a plausible claim for conversion. Here, plaintiff alleges that JCB, through Mr. Foor, "accessed the Software Program and modified or manipulated it . . . causing damage to or otherwise disabling parts of the Software Program." Compl. ¶ 24. Additionally, plaintiff alleges that "JCB's ongoing operation of the project and use of the Software Program without having paid Entec for a license to use the Software Program, [has] damaged Entec in an amount exceeding $5,000.00." Compl. ¶ 25. Finally, plaintiff alleges that JCB allowed others to use the

Design Documents without written permission from Entec. Compl. ¶ 80. Plaintiff's allegations rise above the threshold of bare legal conclusion and state a plausible claim for conversion.

Next, JCB argues that plaintiff has failed to allege damages stemming from the alleged conversion. However, plaintiff's complaint clearly states that defendants' use of the Software Program resulted in damages of at least $5,000. Compl. ¶ 25. Additionally, plaintiff has alleged that, as a result of the conversion, plaintiff is entitled to "the gains, profits, advantages, and unjust enrichment the defendants have obtained as a result of their wrongful acts." Compl. ¶ 76. These allegations specifically state the damages that plaintiff believes it is entitled to recover. For these reasons, plaintiff's claim for conversion survives a motion to dismiss.

I likewise find that plaintiff need not provide a more definite statement. Plaintiff alleges facts sufficient to place defendants on notice that they allegedly hacked into plaintiff's computer software and modified it, resulting in damage. Defendant may seek more information about plaintiff's claims through discovery. Accordingly, defendant's request for a more definite statement is denied.

Finally, I decline to dismiss plaintiff's requests for attorney's fees. Unlike claims, attorney's fees are prayers for relief that may be granted upon the successful litigation of a claim, if a statute so allows. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158, 2164 (2015) ("Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (citations omitted). While several of plaintiff's claims cannot support recovery of attorney's fees, I will determine the appropriate relief at the appropriate time.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated this 21st day of November, 2016.

*Ann Aiken*
Ann Aiken
United States District Judge